UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALIOUNE SEMBENE, and MARIE NDIAYE, as Next Friend,

      Petitioner,

-*against*-

WILLIAM JOYCE, in his official capacity as Acting New York Field Office Director for U.S. Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security; TODD LYONS, in his official capacity as Director, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

      Respondents.

ORDER

26-cv-00322 (ER)

---

EDGARDO RAMOS, United States District Judge:

  Alioune Sembene ("Sembene"), through next friend Marie Ndiaye, filed a *pro se* petition for the writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on January 14, 2026. Doc. 1.

  On January 14, 2026, the Court ordered the Respondents to file a letter indicating, *inter alia*, (1) whether the Petitioner was located in the Southern District of New York at the time that the Petition was filed, (2) the statutory provision(s) under which the Respondents assert the authority to detain the Petitioner, and (3) whether Respondents would consent to issuance of the writ—subject to preservation of Respondents' arguments for appeal. Doc. 4.

  The Respondents filed the response letter on January 16, 2026. Doc. 7. In the letter, the Respondents concede that venue is proper because the Petitioner was in the Southern District of New York when the Petition was filed. *Id.* at 1. The Respondents also assert that the basis for the Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and that the "the facts and legal issues

presented in the instant case are not materially distinguishable from those presented in the Court's decision in *Liu v. Almodovar*, 25-cv-9256 (ER) [(S.D.N.Y. Dec. 2, 2025)]" *Id.* at 2. Thus, while the Respondents "respectfully disagree with the Court's decision in *Liu*," they "acknowledge that the *Liu* decision would control the result in this case if the Court adheres to its prior decision." *Id.* The Respondents do not raise any arguments for departing from *Liu*, but rather note that "[t]he Court resolved this identical issue in *Liu*." *Id.*

    Having been presented with no additional arguments for deviating from *Liu*, the Court therefore GRANTS the Petition for the reasons set forth therein. The Respondents are thereby ORDERED to immediately release Sembene from custody and certify compliance with the Court's order by filing an entry on the docket no later than January 21, 2026, at 12 p.m.

Dated:  January 20, 2026
           New York, New York

                                                EDGARDO RAMOS
                                          United States District Judge